UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-05313-WLH-MAR | | Date | March 30, 2026 |
|---|---|---|---|---|
| Title | ***Herman Hawkins et al v. Crunch, LLC et al*** | | | |

Present: The Honorable   WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:   (IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO REMAND [26]**

The Court is in receipt of Plaintiffs' Motion to Remand (the "Motion"). (Mot., Dkt. No. 26).  No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Dkt. No. 12 at 16).  Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for April 3, 2026, is **VACATED**, and the matter taken off calendar.  For the reasons stated herein, Plaintiffs' Motion is **DENIED**.

**I.     BACKGROUND**

On April 17, 2025, Plaintiffs Herman Hawkins and Amani Jackson (collectively, "Plaintiffs") filed a putative wage-and-hour class action against Defendants Crunch, LLC, Casey Callagan, Jonathan Mosoff, and Mayra Cortez, and Does 1 through 10, inclusive (collectively, "Defendants") in the Superior Court of California, County of Los Angeles.  (Notice of Removal ("Notice"), Dkt. No. 1 at 4); *see also* Compl. ¶ 16-20, Dkt. No. 1-2, Ex. A).  The Complaint asserts fifteen causes of action for: (1) "Failure to Pay All Hours Worked Including Overtime"; (2) "Failure to Pay Minimum Wage";

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

(3) "Failure to Provide Meal Periods"; (4) "Failure to Provide Rest Periods";
(5) "Improper Wage Statements"; (6) "Waiting Time Penalties"; (7) "Failure to Pay
Business Expenses"; (8) "Improper Deductions from Wages"; (9) "Unfair Competition";
(10) "PAGA, Labor Code Section 2698"; (11) "Failure to Maintain Records";
(12) "Failure to Provide Records"; (13) "Retaliation, Gov. Code § 12940(h)";
(14) "Hostile Work Environment"; (15) "Failure to Take Steps to Prevent
Discrimination."  (*See generally, id.*).  The Summons and Complaint were served on
May 12, 2025.  (Notice ¶ 2).

On June 11, 2025, Defendants removed the action to this Court, stating that the
Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA").  (*Id*.
at 5).  Defendants allege that three if the fifteen claims in the Complaint alone exceeds
$5,297,887."  (Notice ¶ 53).  In support of their removal, Defendants submitted a
declaration of Pamela Brown, the Vice President, Head of People and Culture employed
by Defendant Crunch, LLC, who declared the following based on a review of employee
personnel files and employment records relating to employees of Crunch, LLC:

    a.    "Based on Crunch's personnel and payroll data, there were
approximately 318 non-exempt employees working at Crunch's West
Hollywood location in California from April 17, 2021 to May 30,
2025";

    b.    "Of those 318 employees, 247 are former employees and 71 are
current employees";

    c.    "Employees worked at least six to eight hours per day, five days per
week"; and

    d.    "Employees (a) worked approximately 19,220 workweeks during
the time period of April 17, 2021 to approximately May 30, 2025; (b)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

> received approximately 2,054 pay periods during the time period of April 17, 2024 to May 30, 2025; and (c) were paid an average hourly rate of $16.75 per hour."

(Declaration of Pamela Brown in Support of Notice of Removal ("Brown Decl."), Dkt. No. 1-2).

On February 25, 2026, Plaintiffs filed the instant Motion. (*See generally* Mot.). Defendants filed an opposition brief on March 13, 2026. (Opp'n, Dkt. No. 29). On March 18, 2026, Plaintiffs filed a reply in support of the Motion.

## II.    LEGAL STANDARD

The CAFA evinces "a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Jauregui v. Roadrunner Transportation Servs.*, Inc., 28 F.4th 989, 993 (9th Cir. 2022) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). As such "no antiremoval presumption attends cases invoking CAFA[.]" *Dart Cherokee*, 574 U.S. at 89. Still, a case may only be removed pursuant to CAFA when certain jurisdictional requirements are met. 28 U.S.C. § 1332(d).

Under the CAFA, federal courts have "jurisdiction over class actions where there are at least 100 class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount in controversy exceeds $5,000,000." *Lopez v. Advanced Drainage Sys., Inc.*, 777 F. Supp. 3d 1100, 1104 (N.D. Cal. 2025) (citing 28 U.S.C. § 1332(d)(2), (d)(5)(B)). CAFA requires a removing defendant to provide a "short and plain statement of the grounds for removal." *Dart Cherokee*, 574 U.S. at 87 (2014); 28 U.S.C. § 1446(a). The notice of removal "need include only a plausible allegation that the amount-in-controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "[D]efendant's amount in controversy allegation is normally accepted when invoking CAFA jurisdiction, unless it is 'contested by the plaintiff or questioned by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

court.'" *Jauregui*, 28 F.4th at 992 (citing *Dart Cherokee*, 574 U.S. at 87).  However, "[w]hen a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" (*Id*. (citing *Dart Cherokee*, 574 U.S. at 88)).  A defendant "must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million,' as long as the reasoning and underlying assumptions are reasonable." *Jauregui*, 28 F.4th at 993 (quoting *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015)).  A defendant's assumptions, however, "cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

III.   DISCUSSION

Plaintiffs filed the instant Motion on February 25, 2026, arguing that the case should be remanded because the amount in controversy does not exceed $5,000,000 under the CAFA.  (Mot. at 6-7).  Plaintiffs only contest the amount-in-controversy requirements and concede as to the citizenship requirement and the class size requirements.  (*Id*. at 12).  Plaintiffs primarily argue that Defendants' amount-in-controversy calculation is unsupported by reasonable assumptions.  The Court therefore must determine whether Defendants' assumptions justifying their amount in controversy estimates are reasonable—namely, the calculations of (1) meal and rest break premiums, (2) unpaid overtime, (3) waiting time penalties; and (4) wage statement penalties incurred by Defendants.[1]  The Court need only address Plaintiffs' objections to the competency of

---

[1] Defendants estimate the total amount in controversy to be $8,517,238.  This amount comprises of: (1) meal and rest premiums ($3,219,350); (2) unpaid overtime ($2,412,000); (3) waiting time penalties ($992,940); wage statement penalties ($189,500); and attorney's fees ($1,703,447).  Because Defendants' reasonable calculations of the damages stemming from alleged meals and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Defendants' evidence supporting their Notice and the reasonableness of Defendants' meal and rest break premiums violation and overtime violation assumptions.

### A. Assumptions Related to Meal and Rest Break Premiums

California Labor Code § 226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period." The penalty for violation of section 226.7(b) is "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code § 226.7(c). "Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than thirty (30) minutes." Cal. Code Regs. tit. 8, § 11140. Employers must be provided rest breaks at the rate of ten minutes for every four hours—or major fraction thereof—worked. *Id.*

The Complaint alleges that:

> Plaintiffs and the Class members consistently worked more than 5 hour shifts, but Plaintiffs and the Class Members were not provided with additional compensation for meal periods which were missed, truncated or tardy due to the failure of one or more of the Defendants to provide a compliant meal period. Plaintiffs and the Class members consistently worked more than 10 hour shifts, but Plaintiffs and the Class Members were not provided with additional compensation for second meal periods which were missed, truncated or tardy due to the failure of one or more of the Defendants to provide a compliant meal period.

(Compl. ¶ 69).

The Complaint also alleges that:

---

rest premiums and alleged unpaid overtime exceed the requisite amount in controversy, the Court need not delve into the remaining assumptions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

> Each Plaintiff and the Class members consistently worked over four hour
> shifts, but defendant failed to provide them with the requisite ten minute
> rest period. Pursuant to Labor Code section 226.7, Plaintiff and the Class
> Members are entitled to damages in an amount equal to one hour of wages
> per missed rest period, in an amount to be proven at trial.

(*Id*. ¶ 73).

Here, Defendants calculated initially in their removal that the amount in controversy for these claims alone to be "$643,870 when assuming only two premiums a week" but now argue in their opposition that they are entitled to a 100% violation rate for both meal and rest break claims, estimating the amount in controversy for both in total to be $3,219,350.  (Opp'n at 13-14).  Defendants argue that this assumption is reasonable because the allegations in the Complaint states that the class members were denied meal and rest breaks "consistent[ly]."  (Opp'n at 12-13).  The Court agrees.  While the Ninth Circuit in *Ibarra*, the has stated that "'a pattern and practice' of doing something does not necessarily mean always doing something" and that even "an institutionalized unwritten policy that mandates the employment violations ... including the denial of meal and rest periods, does not mean that such violations occurred in each and every shift," *Ibarra*, 775 F.3d at 1198-99, the Complaint alleges that class members were *consistently* denied rest and meal breaks.  Having reviewed Paragraph 69 and 73, the Court concludes the Complaint effectively alleges Defendants did not permit their employees to take meal periods or rest breaks.  Assuming these allegations were true, the Court concludes that the Complaint could support a 100% violation rate.  Accordingly, the Court accepts Defendants' estimated violation rate and violation of meal and rest premiums calculations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

### B. Assumptions Related to Violations of Overtime Pay

California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon[.]" *See* Cal. Labor Code §§ 218.5(a), 1194(a). The Complaint alleges that "employees typically work more than 40 hours per week and more than eight hours per day, and sometimes have to work seven days per week." (Compl. ¶ 22). It further alleges that "Plaintiff and the members of the Class worked more than 40 hours per week and/or more than 8 hours per day, but they did not receive compensation for this time at their regularly hourly rate or did they receive overtime compensation." (*Id*. ¶ 60).

Defendants specifically interpret Plaintiffs' unpaid overtime allegations to mean five hours of overtime per week per putative class member because the Complaint alleges that class members "worked more than 8 hours per day and sometimes work seven days per week." (Notice ¶ 48). Defendants ascertained their unpaid overtime calculations by assuming that *at least* one hour of overtime per workweek (and conservatively excludes weekends) per putative class member went unpaid. The Court views Defendants' assumptions as reasonable given that the Complaint alleges that class members "worked more than 40 hours per week and/or more than 8 hours per day." (Compl. ¶ 60). It therefore follows that an assumption of at least one hour of unpaid per workday is properly "founded on the allegations of the complaint." *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025). "[A]ssumptions made part of the defendant's chain of reasoning need not be proven." *Id.* Holding otherwise would require defendants to "prove [they] actually violated the law at the assumed rate" while simultaneously maintaining they did not commit the alleged violations. *Id.* Accordingly, the Court finds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

that Defendants have proven the unpaid wage claim amount of $2,412,000 ($16.75/hour x 1.5 overtime multiplier x 19,220 x 5) by a preponderance of the evidence.

Because the amount in controversy associated with Plaintiffs' meals and rest premiums and unpaid overtime claims —exceeds CAFA's requirement of $5,000,000,[2] the Court declines to scrutinize Defendants' assumptions underlying Plaintiffs' remaining claims and related damages.  For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

---

[2] The Court further finds that attorney's fees at the benchmark rate of 25% may be added to the assumptions expressly addressed in this Order, pushing the amount in controversy far above $5,000,000.